UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MUSA UTHMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>MAGNETEK, INC., et al.<br><br>    Defendants. | Case No. 2:22-cv-00953-RFB-VCF<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Musa Uthman's Motion to Remand (ECF No. 12). For the following reasons, the Court grants the motion and remands the case.

## II. PROCEDURAL BACKGROUND

Plaintiff filed his Complaint in state court on November 18, 2021. ECF No. 1-1. The Complaint alleges nine causes of action against Defendants, including one claim for negligence against the Las Vegas Convention and Visitors Authority ("LVCVA"). Id. The state district court granted County of Clark's Motion for Summary Judgment on May 23, 2022. ECF No. 1. It then granted LVCVA's Motion to Dismiss on June 2, 2022. Id. The state district court found that Plaintiff failed to provide notice to LVCVA within two years after the accrual of his cause of action as required by Nevada Revised Statute § 41.036(2). ECF No. 13-1 at 4-5. Alternatively, it found that Plaintiff's Complaint failed to allege facts sufficient to withstand the immunity provided to LVCVA by Nevada Revised Statute § 41.033 and the Nevada Industrial Insurance Act ("NIIA").

Id. at 5-8.[1]

Defendant Ergo Robotic Solutions, LLC ("Ergo") removed this action on June 15, 2022. ECF No. 1. Defendants Magnetek and Columbus consented to removal. Id. In response, Plaintiff filed the instant Motion to Remand on July 13, 2022. ECF No. 12. Defendant Ergo responded on July 26, 2022. ECF No. 13. Defendant Magnetek and Columbus also responded on July 26, 2022. ECF No. 16. Plaintiff replied on August 2, 2022. ECF No. 19. On February 7, 2023, the Court held a motion hearing. ECF No. 28.

This Order follows.

### III.   LEGAL STANDARD

Under 28 U.S.C. § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). When original jurisdiction exists under either 28 U.S.C. § 1331 or § 1332 but the matter was filed in a state court, the matter may be removed to federal district court. 28 U.S.C. § 1441(b). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," however, "the case shall be remanded." 28 U.S.C. § 1447(c).

Proper jurisdiction under Section 1332 requires complete diversity, so each plaintiff must be diverse from each defendant. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted). "Th[is] strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.

///

---

[1] Although Plaintiff's response to LVCVA's motion to dismiss requested leave to amend his Complaint to cure any alleged deficiencies, it does not appear that the state district court issued a ruling on this request.

## IV. DISCUSSION

According to Defendant Ergo's Petition for Removal: Plaintiff is a Nevada Citizen; Defendant Ergo is incorporated and has its principal place of business in New York; Defendant Magnetek is incorporated in Delaware and has its principal place of business in Wisconsin; and Defendant Columbus is incorporated and has its principal place of business in New York. Further, after dismissal of County of Clark and LVCVA – both forum defendants – from this action, the case became removable; additionally, the amount in controversy exceeds $75,000.

Plaintiff's Motion to Remand argues that the Court should remand this action back to state court because of the Ninth Circuit's "voluntary/involuntary rule" for removal. Additionally, Plaintiff argues that the fraudulent joinder exception to the voluntary/involuntary rule is inapplicable because Defendants waived any argument relating to fraudulent joinder, as it was not raised in its notice of removal or 30 days after the Complaint was served. Separately, there is a possibility that the Nevada Supreme Court would reverse the state district court's order dismissing LVCVA pursuant to Nevada Revised Statute § 41.036(2) by finding that it is unconstitutional. Further, even if Nevada Revised Statute § 41.036(2) was applicable, any deadline to notify LVCVA pursuant to the statute had not run at the time Plaintiff's Complaint was filed.

Defendants rebut that the Court should deny the Motion to Remand because the voluntary/involuntary rule is inapplicable, as LVCVA was fraudulently joined. This is because Plaintiff knew that he had to provide LVCVA notice of the lawsuit within two years of the subject incident, pursuant to Nevada Revised Statute § 41.036(2), but he did not do so until after the two-year deadline. During the motion hearing, Defendants also asserted that, even if the Nevada Supreme Court held that Nevada Revised Statute § 41.036(2) was unconstitutional,[2] LVCVA still could not be liable on any theory under settled Nevada law pursuant to Nevada Revised Statute § 41.033 and the NIIA.[3]

---

[2] Defendants also contend that, on the face of Plaintiff's Complaint, Nevada Revised Statute § 41.036(2) bars any claim against LVCVA.

[3] The parties' briefing on the instant Motion to Remand does not directly address Nevada Revised Statute § 41.033 or the NIIA. The Court nevertheless considers the arguments with respect to Nevada Revised Statute § 41.033 and the NIIA because they are a part of the record, including the petition for removal.

The Court concludes that removal of this action was improper and therefore grants Plaintiff's Motion to Remand.

### a. 28 U.S.C. § 1446

As a preliminary matter, the Court "takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court." Butner v. Neustadter, 324 F.2d 783, 785 (9th Cir. 1963). Furthermore, "once a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to the removal." Preaseau v. Prudential Ins. Co. of Am., 591 F.2d 74, 79 (9th Cir. 1979). For these reasons, the Court treats the state district court's order granting LVCVA's motion to dismiss as if it had taken place in this Court. The Court, however, is not bound by the state district court's decision. See id. (holding that a "that the federal court, within its discretion and for 'cogent' reasons, could grant summary judgment notwithstanding the earlier denial by the state court"); cf. Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 n.4 (7th Cir. 1992) (concluding that "a federal court considering fraudulent joinder in a case where the state court has come to judgment is not bound by the state court's decision").

A defendant must remove a matter in controversy within one of two thirty-day windows, the relevant one in this action being: "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). When Plaintiff's Complaint was filed in state court, there was no basis for federal jurisdiction, as there were no federal claims alleged, nor was there complete diversity because Defendants County of Clark and LVCVA were citizens of Nevada, like Plaintiff.

The state district court granted County of Clark's Motion for Summary Judgment on May 23, 2022, and then it granted LVCVA's motion to dismiss on June 2, 2022. Accordingly, the two forum defendants were dismissed from the state court action, and the only remaining defendants were non-forum Defendants Ergo, Columbus, and Magnetek. The state district court's order granting LVCVA's motion to dismiss constitutes an "order or other paper," for purposes of

triggering the second 30-day window. See Peabody v. Maud Van Cortland Hill Schroll Tr., 892 F.2d 772, 775 (9th Cir. 1989). Accordingly, on June 15, 2022, Defendant Ergo removed this action to this Court. See 28 U.S.C. § 1446(b)(3).

### b. Voluntary/Involuntary Rule

The voluntary/involuntary rule is at issue in this case. "[W]hen an event occurring after the filing of a complaint gives rise to federal jurisdiction, the ability of a defendant to remove is not automatic; instead, removability is governed by the 'voluntary/involuntary rule.'" Keating, 986 F.2d at 348. "The rule provides that a suit which, at the time of filing, could not have been brought in federal court must remain in state court unless a voluntary act of the plaintiff brings about a change that renders the case removable." Id. The rule is typically applied in a situation where a properly joined non-diverse defendant is dismissed for reasons beyond the control of the plaintiff. See id.

The state district court's order granting LVCVA's motion to dismiss was involuntary with respect to Plaintiff, thus it triggers the voluntary/involuntary rule. See Fry Metals Inc. v. Cheng, No. Civ. A. 94–5206 (AMW), 1995 WL 138945, at *3 (D.N.J. Mar. 28, 1995) (noting that courts draw a distinction between a state judge granting a defendant's motion to dismiss, which does not make the action removable, and the plaintiff voluntarily terminating the action as to a nondiverse party, which does make the action removable); see also Knutson v. Allis–Chalmers Corp., 358 F. Supp. 2d 983, 993 (D. Nev. 2005) (state court order granting summary judgment was involuntary to the plaintiff because it resulted from a motion filed by the defendant). An exception to the voluntary/involuntary rule exists where a non-diverse defendant has been fraudulently joined. See Self v. Gen. Motors Corp., 588 F.2d 655, 659 (9th Cir. 1978). Defendants assert that this exception applies here.[4]

### i. Fraudulent Joinder

Defendants argue that fraudulent joinder exists in this action, because it was clear that, at the time the Complaint was filed, any claims alleged against LVCVA were barred by Nevada

---

[4] For this reason, the Court rejects Plaintiff's argument that Defendants waived their fraudulent joinder argument, because whether there was fraudulent joinder in this action is intertwined with whether Plaintiff may invoke the voluntary/involuntary rule to Defendants' basis for removing this action.

- 5 -

Revised Statute § 41.036(2). In response, Plaintiff argues that there was no fraudulent joinder because (1) the alleged deadline in Nevada Revised Statute § 41.036 had not run at the time the complaint was filed, and (2) there is a possibility that the Nevada Supreme Court would reverse the state district court's order, dismissing LVCVA from the Complaint, because it could find Nevada Revised Statute § 41.036(2) unconstitutional. Defendants contend that, even if the Nevada Supreme Court determined that Nevada Revised Statute § 41.036(2) was unconstitutional, Plaintiff still fails to state a possible claim against LVCVA pursuant to Nevada Revised Statute § 41.033 and the NIIA.

A defendant can show fraudulent joinder by demonstrating that a party joined in the action "cannot be liable on any theory." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998); id. ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." (emphasis added)). But "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Hunter, 582 F.3d at 1046 (internal citations omitted). "In deciding whether a cause of action is stated[,] [a court] will look only to a plaintiff's pleadings to determine removability . . . . Where fraudulent joinder is an issue, [though,] [a court] will go somewhat further. The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." Ritchey, 139 F.3d at 1318. "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against finding fraudulent joinder." Grancare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (internal quotations and citations omitted).

The Complaint alleges one cause of action against LVCVA for negligence. In Nevada, "to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." Sanchez ex rel. Sanchez v. Wal–Mart Stores, Inc., 221 P.3d 1276, 1280 (Nev. 2009).

### ii.   Nevada Revised Statues

The Courts now addresses whether Nevada Revised Statute § 41.036(2), Nevada Revised

Statute § 41.033, and the NIIA prevent LVCVA from being liable for negligence on any theory according to the settled rules of Nevada law. The Court finds that they do not.

### 1. Nevada Revised Statute § 41.036(2)

Nevada Revised Statute § 41.036 provides that "[e]ach person who has a claim against any political subdivision of the State arising out of a tort must file the claim within 2 years after the time the cause of action accrues with the governing body of that political subdivision." Nev. Rev. Stat. § 41.036(2). LVCVA is a political subdivision under Nevada Revised Statute § 41.036(2). The state district court dismissed LVCVA from this action because Plaintiff failed to provide timely notice pursuant to this statute. Plaintiff argues, as it did before the state district court, that this statute does not bar his claim against LVCVA because the Nevada Supreme Court would find it unconstitutional, based on its decision finding a prior version of Nevada Revised Statute § 41.036 unconstitutional. See Turner v. Staggs, 510 P.2d 879, 881 (Nev. 1973); Jiminez v. State, 644 P.2d 1023 (Nev. 1982). Since Turner and Jiminez, courts in this district have concluded that the current version of Nevada Revised Statute § 41.036(2) is constitutional. See Hartrim v. Las Vegas Metro. Police Dep't, No. 2:11-CV-00003, 2011 WL 2690148, at *3 (D. Nev. July 11, 2011); Zaic v. Las Vegas Metro. Police Dep't, No. 2:10-CV-01814, 2011 WL 884335, at *3 (D. Nev. Mar. 11, 2011).

The Ninth Circuit "has explained that under the fraudulent-joinder doctrine, [j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." Weeping Hollow Ave. Tr. v. Spencer, 831 F.3d 1110, 1113 (9th Cir. 2016) (alterations in original) (internal quotations omitted). A court "may not make final determinations with regard to questions of state law that are not well-settled." Knutson v. Allis-Chalmers Corp., 358 F. Supp. 2d 983, 995 (D. Nev. 2005).

The Court finds that Defendants have not demonstrated that Plaintiff cannot establish any theory of liability pursuant to Nevada Revised Statute § 41.036(2). While courts in this district may, and the state district court here indeed did, find the new version of Nevada Revised Statute § 41.036(2) constitutional, the Nevada Supreme Court has yet to decide this issue. Thus, the Court

finds that Defendants have failed to show that it is "obvious according to the settled rules of the state" that Plaintiff's claim is barred under Nevada law. See Copeland v. PNC Bank, N.A., No. CV 19-00029, 2019 WL 2713233, at *8 (D. Haw. June 28, 2019) ("Interpretations and/or predictions by judges within this district, while instructive, do not constitute settled Hawai'i law. Even where the court made predictions based on its interpretation of Hawai'i law, it acknowledged that the statute of limitations issue remained unsettled under Hawai'i law.").

Thus, the Court cannot say that it is not possible that the Nevada Supreme Court would not conclude that Nevada Revised Statute § 41.036(2) is unconstitutional and find the statute inapplicable as a defense to LVCVA's liability as alleged in Plaintiff's Complaint.[5]

### 2. Nevada Revised Statute § 41.033

As a general matter, the Ninth Circuit has held that a defendant is not fraudulently joined as long as any "deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." GranCare, 889 F.3d at 550. Moreover, Federal Rule of Civil Procedure 15(a)(2)'s rule requiring leave of court also governs amendment of pleadings in actions removed from state court. See Butner, 324 F.2d at 785; Schnabel v. Lui, 302 F.3d 1023, 1037 (9th Cir. 2002) ("When a state court action is removed to federal court, the removed action is treated as if the original action has been commenced in federal court.").

"No action may be brought under NRS 41.031 or against an officer or employee of the State or any of its agencies or political subdivisions which is based upon: (a) Failure to inspect any building, structure, vehicle, street, public highway or other public work, facility or improvement to determine any hazards, deficiencies or other matters, whether or not there is a duty to inspect; or (b) Failure to discover such a hazard, deficiency or other matter, whether or not an inspection is made." Nevada Revised Statute § 41.033(1). Nevada Revised Statute § 41.033, however, "does not provide immunity to the public entity if that entity fails to take reasonable action once it gains express knowledge of the hazard." Chastain v. Clark Cnty. Sch. Dist., 866 P.2d 286, 288 (Nev. 1993).

---

[5] For this reason, the Court does not address Plaintiff's separate argument that Nevada Revised Statute § 41.036(2)'s deadline had not run at the time the complaint was filed, as any possible finding that the statute is unconstitutional would render any such argument moot.

While the Complaint alleges in conclusory fashion that "dangerous and hazardous conditions were <u>known</u> and/or should have been known to the Defendant, LVCVA," the Court finds that there is no indication that, viewing all inferences most favorably to Plaintiff, Plaintiff could not adequately allege liability on the part of LVCVA that makes Nevada Revised Statute § 41.033 immunity unavailable. Plaintiff, for instance, could allege more facts about how LVCVA expressly knew about the dangerous and hazardous conditions that led to Plaintiff's injuries.

Accordingly, the Court finds that is it possible that amending the Complaint would render Nevada Revised Statute § 41.033 unavailable to LVCVA as a defense against any liability alleged in Plaintiff's Complaint.

### 3. The NIIA

"The NIIA provides the exclusive remedies for employees on account of an injury by accident sustained arising out of and in the course of the employment." <u>Andreatta v. Eldorado Resorts Corp.</u>, 214 F. Supp. 3d 943, 958 (D. Nev. 2016). Employers who have "in service any person under contract for hire" are considered "statutory employers." <u>Richards v. Republic Silver State Disposal, Inc.</u>, 148 P.3d 684, 687 (Nev. 2006). Statutory employers are required to provide workers compensation pursuant to the NIIA. <u>See</u> NRS 616B.612(1). "The scope of this statutory employer definition is broadened for principal contractors, however, which are usually deemed the statutory employers not only of their directly hired employees, but also of the employees of their subcontractors and independent contractors." <u>Richards</u>, 148 P.3d at 687. A contractor licensed under Nevada Revised Statute Chapter 624 is required to provide workers compensation. <u>See id.</u> at 687-88.

If a property owner hires a licensed principal contractor to complete a job on its property, both the property owner and the licensed principal contractor may be immune from liability under the NIIA. <u>See</u> <u>Harris v. Rio Hotel & Casino Inc.</u>, 25 P.3d 206, 207-08 (Nev. 2001) (holding that a property owner that hires a licensed principal contractor "stands in the shoes" of its contractor for purposes of NIIA liability). Thus, the licensed principal contractor, and the property owner, are immune from liability under the NIIA if the injury at issue "ar[ose] out of and in the course of the employment." NRS 616B.612(1); <u>see also</u> <u>Richards</u>, 148 P.3d at 686. Specifically, if the injury

occurred at the place of employment during the hours of employment, it is considered to have occurred within the course of employment. See Wood v. Safeway, Inc., 121 P.3d 1026, 1032-33 (Nev. 2005). Further, an injury is considered to have arisen out of the employment if there is a "causal connection between the employee's injury and the nature of the work or workplace." Id. at 1032. That is, the "risk [was] inherent to the environment or conditions under which that licensed work was being performed." Richards, 148 P.3d at 691.

To avoid the NIIA's "proscription against common law negligence actions, an injured employee need only allege facts which would remove the claim from the purview of the Act." McGinnis v. Consol. Casinos Corp., 584 P.2d 702, 703 (Nev. 1978). This may include alleging that: an "injury was not sustained in the course of the employment," id.; the property owner "deliberately and specifically intended to injure [him]," Flint v. Franktown Meadows, Inc., 449 P.3d 475, *3 (Nev. 2019) (Table); or an "employer failed to provide NIIA-compliant compensation," id. at *2 n.2.

The Complaint alleges that LVCVA owned the premises where the incident giving rise to LVCVA's alleged negligence occurred. Thus, it was a property owner. It also alleges that Crown Corr. Inc. employed Plaintiff to work on the premises where Plaintiff was injured. Specifically, Plaintiff was assisting in the installation of glass windows on the premises. The Complaint, however, does not allege whether Crown Corr. Inc. was a contractor licensed under the Nevada Revised Statute § 624 or whether LVCVA was in compliance with the NIIA. The Complaint also does not allege that LVCVA contracted with Crown Corr. Inc. to provide the work that Crown Corr. Inc. employed Plaintiff to do on the premises; it is still reasonable to infer that a contracting relationship existed between LVCVA and Crown Corr. Inc. at the time Plaintiff was injured.

As with Nevada Revised Statute § 41.033, the Court finds that there is a possibility that granting leave to amend could cure the deficiencies in the Complaint as it relates to the NIIA immunity for LVCVA. See McGinnis, 584 P.2d at 703. While the Complaint does not, for example, expressly allege that LVCVA deliberately and specifically intended to injure Plaintiff, the Court does find that Plaintiff could allege facts that would remove Plaintiff's allegations against LVCVA from the purview of the NIIA.

In brief, the Court finds that it is possible that, if Plaintiff appealed the state district court's motion to dismiss and was also granted leave to amend, Nevada Revised Statute §§ 41.036(2), 41.033 and the NIIA would not prevent LVCVA from being liable on any theory according to the settled rules of Nevada law. Therefore, Defendants have failed to meet their heavy burden of demonstrating that the fraudulent joinder exception applies to Plaintiff's invocation of the voluntary/involuntary rule.

Accordingly, the Court grants Plaintiff's Motion to Remand.

### c. Attorney's Fees

Finally, Plaintiff contends that the Court should award him attorney's fees because the matter was removed in a bad faith attempt to forum shop, contrary to the well-established voluntary/involuntary rule in the Ninth Circuit. Defendants disagree. Rather, Defendants contend, there was bad faith on Plaintiff's part because Plaintiff joined LVCVA in this action while knowing it could not be liable on any possible theory, making the basis for removal reasonable.

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008). Here, the Court finds that Defendants had a reasonable basis for removing due to their legitimate fraudulent-joinder arguments.

Therefore, Plaintiff's request for attorney's fees under 28 U.S.C.§ 1447(c) is denied.

///
///
///
///
///
///
///
///
///

V. **CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (ECF No. 12) is GRANTED. The case is remanded to the Eighth Judicial District Court of Nevada, Case Number A-21-844282-C.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney's fees is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of the Court is instructed to close this case.

**DATED:** March 16, 2023

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**